IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CANDICE WILHELM, individually and on behalf of herself and all others similarly situated,<br><br>　　Plaintiff,<br><br>vs.<br><br>MOONPAY USA LLC,<br><br>　　Defendant. | Case No. 1:23-cv-16894 |

### NOTICE OF REMOVAL OF MOONPAY USA LLC

Pursuant to the Class Action Fairness Act ("CAFA") and 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant MoonPay USA LLC ("MoonPay"), by and through its undersigned counsel, hereby removes this action—with reservation of all defenses and rights—from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. For the sole and limited purpose of establishing the basis of this Court's jurisdiction, MoonPay assumes the truth of the allegations of the Class Action Complaint ("Complaint"). This Court has jurisdiction over this action pursuant to CAFA because it is a putative class action with more than 100 members in the proposed class, there is minimal diversity, and the amount in controversy exceeds $5 million in the aggregate.

### I.　Factual Background

1.　MoonPay is a financial technology company that offers a suite of products that enable its users to buy and sell cryptocurrency.

2. On November 20, 2023, Plaintiff Candice Wilhelm filed the Complaint in the Circuit Court of Cook County, Illinois, captioned *Candice Wilhelm v. MoonPay USA, LLC*, Case No. 2023CH09544. A copy of the Complaint is attached hereto as **Exhibit 1**.

3. Plaintiff purported to effectuate service of the Complaint on MoonPay on November 21, 2023. A copy of the notice of service of process is attached as **Exhibit 2**, and a copy of the summons and all process, pleadings, and orders served upon MoonPay are attached hereto as **Exhibit 3**.

4. The Complaint claims that MoonPay violated Plaintiff's rights under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA"), by allegedly failing to develop a written policy for the retention and destruction of biometric identifiers or biometric information that was made available to the public, in violation of 740 ILCS 14/15(a); allegedly collecting Plaintiff's biometric identifiers or biometric information without providing notice and obtaining her written consent, in violation of 740 ILCS 14/15(b); and allegedly disclosing or disseminating Plaintiff's biometric identifiers or biometric information to third parties, in violation of 740 ILCS 14/15(d). *See* Compl. ¶¶ 35-49.

5. Plaintiff purports to bring this action on behalf of herself and a putative class of "[a]ll Illinois residents who had their biometric information collected by Defendant at any point in the five (5) years preceding the filing of this Complaint." *Id.* ¶ 29. The Complaint alleges that "more than 1,000 people" are "believe[d]" to "satisfy the definition of the Class." *Id.* ¶ 31.

## II. THIS COURT HAS JURISDICTION PURSUANT TO CAFA

6. This case is removable, and this Court has jurisdiction pursuant to CAFA and 28 U.S.C. §§ 1332(d), 1441, and 1453, because (1) this case is a putative class action with more than 100 members in the proposed class; (2) there is minimal diversity, since at least one member of the proposed class, on the one hand, and MoonPay, on the other, are citizens of different states;

and (3) the Complaint places in controversy an amount that exceeds $5 million in the aggregate, considering all damages sought on behalf of Plaintiff and the proposed class, exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), (d)(6).

7. A notice of removal "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). Rather, the removing party must provide only "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), that contains "plausible allegation[s]" that CAFA's jurisdictional requirements are satisfied, *Dart Cherokee*, 574 U.S. at 89. Thus, while MoonPay denies any and all liability as to Plaintiff's claims and denies that this matter should proceed at all, let alone as a class action, CAFA's jurisdictional requirements are satisfied here.

### A. This Is a Putative Class Action In Which the Proposed Class Exceeds 100 Members

8. A "class action" under CAFA includes any civil action filed under Federal Rule of Civil Procedure 23 or a "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

9. This lawsuit meets that definition. Plaintiff sues "on behalf of herself" and a proposed class of "[a]ll Illinois residents who had their biometric information collected by Defendant at any point in the five (5) years preceding the filing of this Complaint," pursuant to the Illinois class action statute, 735 ILCS 5/2-801 and 2-802. Compl. ¶ 29; *see* 735 ILCS 5/2-801 ("An action may be maintained as a class action in any court of this State . . . only if the court finds: (1) [t]he class is so numerous that joinder of all members is impracticable"; (2) "[t]here are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members"; (3) "[t]he representative parties will fairly and

adequately represent the interest of the class"; and (4) "[t]he class action is an appropriate method for the fair and efficient adjudication of the controversy.").

10. CAFA requires that the proposed class consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B).

11. As noted, Plaintiff alleges that she "is informed and believes that there are more than 1,000 people who satisfy the definition of the Class." Compl. ¶ 31. Accordingly, 28 U.S.C. § 1332(d)(5)(B) is satisfied.

### B. There Is Minimal Diversity Among the Parties

12. To establish federal jurisdiction, a defendant must show only minimal diversity, meaning that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Removal therefore is proper when even one proposed class representative or class member is a citizen of a state different from a defendant's state(s) of citizenship. *See Dart Cherokee*, 574 U.S. at 552 (noting that the parties must be "minimally diverse" to warrant removal under CAFA).

13. The Complaint does not allege MoonPay's citizenship for purposes of diversity jurisdiction. At the time this lawsuit was filed and to the present, MoonPay was and remains a privately held limited liability company, organized under Delaware law and with its principal place of business in Florida. Accordingly, MoonPay is a citizen of the States of Delaware and Florida for purposes of CAFA. *See* 28 U.S.C. § 1332(d)(10) ("For purposes of [§ 1332(d)] and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."); *see also Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 575 (2004) (holding that citizenship for purposes of diversity jurisdiction is assessed at the time of the complaint's filing).

14. Plaintiff alleges that she "is a resident of the State of Illinois," and that "the violations of BIPA as detailed herein occurred while Plaintiff was located in Illinois." Compl. ¶ 13. Although residence and citizenship are not coextensive, because Plaintiff alleges that she resides in Illinois and because the alleged violations took place while she was present in Illinois, the strongest inference from the Complaint is that Plaintiff is a citizen of the State of Illinois for purposes of diversity jurisdiction. In addition, given that the putative class is defined as "[a]ll Illinois residents who had their biometric information collected by Defendant at any point in the five (5) years preceding the filing of this Complaint," id. ¶ 29, many of the unnamed members of the putative class are almost certainly Illinois citizens.

15. Diversity of citizenship thus exists between MoonPay and at least one member of the putative class. The minimal diversity requirement is therefore satisfied.

### C. The Amount In Controversy Exceeds $5 Million

16. MoonPay denies that Plaintiff or members of the putative class are entitled to the damages sought here. Plaintiff's allegations are entirely without merit, and class treatment is not appropriate. For purposes of this Notice of Removal, however, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and thus satisfies the amount-in-controversy requirement of CAFA. *See* 28 U.S.C. § 1332(d)(2).

17. CAFA provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). The amount in controversy is determined by aggregating the value of the claims of each putative class member based on the operative complaint's allegations. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) ("[T]he statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed

5

class and determine whether the resulting sum exceeds $5 million."). Where a complaint does not state a dollar amount, the defendant's notice of removal need include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 81.

18. Plaintiff seeks, among other things, statutory damages of $1,000 "per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that MoonPay's violations of BIPA were not willful," or $5,000 "for each intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2)." Compl. at p. 10.

19. Although the Complaint does not identify a total dollar amount of damages, Plaintiff alleges that "more than 1,000 people" were impacted by MoonPay's alleged conduct and qualify for membership in the proposed class. *Id.* ¶ 31. Because Plaintiff seeks statutory damages of $5,000 for each allegedly intentional or reckless violation of BIPA, the amount in controversy easily exceeds $5,000,000. Specifically, because Plaintiff alleges damages of up to $5,000 per *person* per alleged *violation*, and because Plaintiff alleges that MoonPay violated BIPA at least three times per person, *id.* ¶¶ 35-49, the $5,000,000 threshold is reached with only 334 members of the proposed class. And even if Plaintiff alleged only one BIPA violation per proposed class member, the $5,000,000 threshold is reached with only 1,000 members of the proposed class, fewer than the "more than 1,000" alleged in the Complaint. CAFA's amount in controversy requirement accordingly is satisfied.

### III. Compliance With Removal Statute

20. The Notice of Removal was properly filed in this District because the Circuit Court of Cook County, Illinois, is located in this District. *See* 28 U.S.C. §§ 93(a)(1), 1441(a).

21. The Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

22. Pursuant to 28 U.S.C. § 1446(a), attached hereto and marked as **Exhibits 1, 2, and 3** are true and correct copies of the Complaint (Exhibit 1), the notice of service of process (Exhibit 2), and all process, pleadings, and orders served upon MoonPay (Exhibit 3). A copy of the Circuit Court of Cook County, Illinois docket sheet is attached as **Exhibit 4**. MoonPay has not filed an answer or other response to the Complaint in state court prior to removal. MoonPay is not aware of any pending motions filed under Illinois procedural rules in state court.

23. The Notice of Removal is filed within 30 days of service of the Complaint on MoonPay, and therefore is timely under 28 U.S.C. § 1446(b)(1).

24. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff, and a copy, along with a Notice of Filing of the Notice of Removal, is today being filed with the Clerk of the Circuit Court of Cook County, Illinois.

25. MoonPay reserves the right to amend or supplement this Notice of Removal. MoonPay further reserves all rights and defenses, including those available under the Federal Rules of Civil Procedure and any other applicable rules, statutes, or case law.

## IV. CONCLUSION

MoonPay respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Cook County, Illinois. MoonPay further requests such other relief as the Court deems appropriate.

| | |
|---|---|
| Dated:  December 18, 2023 | Respectfully submitted, |
| | /s/ *Robert C. Collins III* |
| | Robert C. Collins III, One of the Attorneys for Defendant MoonPay USA LLC |

Robert C. Collins III (Illinois Bar No. 6304674)
  robert.collins@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

## CERTIFICATE OF SERVICE

I, Robert C. Collins III, hereby certify that I caused a copy of the foregoing to be served on the parties listed below by email on December 18, 2023, and by prepaid, First Class United States mail, on December 19, 2023.

Michael L. Fradin
8 N. Court St., Suite 403
Athens, Ohio 45701
Tel: (847) 986-5889
Fax: (847) 673-1228
E-mail: mike@fradinlaw.com

James L. Simon
Simon Law Co.
11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
Tel: (216) 816-8696
Email: james@simonsayspay.com

Dated:  December 18, 2023

/s/ *Robert C. Collins III*
Robert C. Collins III, One of the Attorneys for Defendant MoonPay USA LLC

Robert C. Collins III (Illinois Bar No. 6304674)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
Email:  robert.collins@.lw.com